## KING PLOW CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 9355.

Circuit Court of Appeals, Fifth Circuit.
March 21, 1940.

J. C. Murphy, of Atlanta, Ga., for petitioner.

Louise Foster and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals entered June 30, 1939. The case comes to this court pursuant to the provisions of the Internal Revenue laws; it involves a deficiency in income tax for the fiscal year which ended May 31, 1933.

The question presented is whether or not the insurance policy, which was acquired by petitioner along with other assets at the time it was merged with the corporation named as beneficiary in the policy, was transferred for a valuable consideration within the meaning of Section 22(b)(2) of the Revenue Act of 1932, 26 U.S.C.A. Int. Rev.Acts. By said act, amounts received under a life insurance contract paid by reason of the death of the insured are not required to be included in gross income, and are exempt from income tax, except in case of a transfer for a valuable consideration, by assignment or otherwise, in which event only the actual value of such consideration and the amount of the premiums and other sums subsequently paid by the transferee shall be exempt from such tax.

The facts in this case are not in controversy, and, as found by the Board, disclose that a policy of insurance was issued on the life of H. A. Dean, in which the Towers & Sullivan Manufacturing Co., a corporation, was named as the beneficiary. Thereafter, during 1928 or 1929, the beneficiary was merged with the Atlanta Plow Company (now King Plow Company, petitioner) in a non-taxable reorganization, by which all of the assets of the beneficiary corporation, including said life insurance policy, were transferred to petitioner. The merger was consummated by the issuance of stock of petitioner to stockholders of the beneficiary in exchange for assets of the latter corporation. No cash was paid in connection with the merger. In computing the income tax of petitioner, the respondent added the amount paid to petitioner on account of the death, in 1933, of the insured, less the cash surrender value of the policy at the time of its acquisition in the merger and the amount of premiums subsequently paid on the policy.

The Board of Tax Appeals found that the transfer of the insurance policy to the taxpayer was for a valuable consideration within the meaning of the statute, and that the Commissioner had correctly computed the tax; that the policy was an asset in the hands of the transferor, having a value at least equal to its cash surrender value, and that it became an asset of like value to petitioner immediately upon its transfer to it; that the consideration for the transfer of all the assets of the transferor was stock of the transferee, and some proportionate part thereof was the consideration for the life insurance policy.

Concurring in the conclusions of the Board, we think the policy was transferred to the taxpayer for a valuable consideration, and the proceeds received thereunder, less the consideration and premium paid by it, were properly included in its gross income. The decision of the Board of Tax Appeals is affirmed.